UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT J. WALSH,<br><br>　　　　　　　　Plaintiff,<br>v.<br>BRIAN WILLIAMS, *et al.*,<br>　　　　　　　　Defendants. | Case No. 2:20-cv-01714-GMN-NJK<br><br>ORDER |

Plaintiff Robert J. Walsh brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while in the custody of the Nevada Department of Corrections. (ECF No. 7). On December 27, 2021, the magistrate judge denied Walsh's application to proceed *in forma pauperis* and directed him to pay the full $400 filing fee by January 28, 2022.[1]  (ECF No. 15).  On February 11, 2022, the magistrate judge entered a report and recommendation denying Plaintiff's application to proceed *in forma pauperis* and requiring Plaintiff to pay the full filing fee to proceed with this case.  (ECF No. 16).  On March 1, 2022, this Court adopted the magistrate judge's report and recommendation in full denying Walsh's application to proceed *in forma pauperis* and requiring Walsh to pay the full $400 filing fee to proceed with this case. (ECF No. 18).  The Court ordered Walsh to pay the full filing fee by March 25, 2022, or the case would be dismissed without prejudice.  (*Id.* at 2).  That deadline expired and Walsh did not pay the full filing fee or otherwise respond.

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court

---

[1] Because Walsh initiated this case prior to December 1, 2020, the full filing fee for a civil action is $400.

order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Walsh's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Walsh pays the full filing fee for this action, the only alternative is to enter a fourth order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the Court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Walsh needs additional time or evidence that he did not receive the Court's screening order. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

## II.  CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Walsh's failure to pay the full $400 filing fee in compliance with this Court's March 1, 2022 order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Walsh wishes to pursue his claims, he must file a complaint and resolve the matter of the filing fee in a new case.

DATED THIS __5__ day of April 2022.

_____
Gloria M. Navarro, Judge
United States District Court